## George Wilson, Defendant in Error, v. R. P. Dennis, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

### Statement of the Case.

Action in replevin by George Wilson, plaintiff, against R. P. Dennis, defendant. To review a judgment for plaintiff, defendant prosecutes a writ of error.

The defendant claimed that the plaintiff sold a crop of wheat sown by the plaintiff on a farm which he had occupied before the defendant took a lease thereof and moved upon it. Plaintiff claimed that his offer to sell the crop to the defendant had not been accepted by him, and brought an action of replevin to recover it after it had been harvested.

CHARLES WALLACE and A. C. ANDERSON, for plaintiff in error.

T. N. COFER, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 1*—*when evidence sufficient to show sale.* Evidence in an action in replevin, *held* to show that the property sought to be recovered had been sold by the plaintiff to the defendant.

2. REPLEVIN, § 147*—*when instruction on burden of proof erroneous.* Where a defendant in an action of replevin averred in his plea that he was the owner of and entitled to the possession of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

property sought to be replevied and that the plaintiff was not entitled thereto, *held* that an instruction that the burden of proof that the defendant was the owner of and entitled to the possession of the property was on him, and unless he proved such fact by a preponderance of the evidence a verdict must be rendered for the plaintiff, was erroneous as the averment as to the ownership in the defendant was mere matter of inducement and the plaintiff was entitled to recover only on the strength of his own title.

3. CONTRACTS, § 205*—*when question as to what constitutes reasonable time to carry out is for jury.* What is a reasonable time to carry out a contract is a question for the jury where the facts are in dispute and no time is fixed, but where there is no dispute over the fact it is a question of law for the court.